69432. BLOODWORTH v. THE STATE.
(327 SE2d 756)

SOGNIER, Judge.

Appellant was convicted of child molestation and appeals.

1. In appellant's first two enumerations of error he contends it was error to admit testimony of three witnesses as to independent crimes of a similar nature. He argues that the offenses were not similar, the testimony did not corroborate the victim's testimony and the prejudicial nature of the testimony outweighed its probative value.

Appellant was charged with molesting the victim when she was six years old by touching her private parts and making her touch appellant the same way. Appellant's 16-year-old daughter was allowed to testify that when she was six years old appellant started molesting her sexually. Appellant also had sexual intercourse with his daughter frequently from the time she was eight until she was 13 years old.

Georgette Wigzell worked at appellant's nursery for children for six weeks when she was 22 years of age, and everything appellant said to her had sexual overtones. Wigzell also testified that appellant

would "pat me on my behind," and on one occasion he pulled her down in a chair and started tickling her.

Mary Perkins worked at appellant's nursery when she was 15 years of age. On one occasion appellant started "messing around" with her, touching her breasts. On another occasion appellant pulled up Ms. Perkins' blouse, tried to pull up her brassiere, and touched her breasts.

Evidence of independent crimes is admissible when the defendant was the perpetrator of the independent crimes and there is sufficient similarity between the independent crime and the offense charged that proof of the former tends to prove the latter. *Davis v. State*, 249 Ga. 309, 311 (1) (290 SE2d 273) (1982). There is no question that appellant was the perpetrator of the independent transactions allowed in evidence, and we find sufficient similarity in the independent crimes involving appellant's daughter and Mary Perkins to warrant their admissibility in evidence to show a course of conduct and bent of mind of appellant to molest young girls. See *Johnson v. State*, 242 Ga. 649, 652-653 (3) (250 SE2d 394) (1978). However, we do not find the transactions involving Georgette Wigzell of sufficient similarity to warrant its admissibility as an exception to the rule prohibiting evidence of independent crimes or similar transactions to prove guilt of the offense charged. Making a "pass" at an adult woman cannot be equated to molesting a six-year-old child, nor is it of sufficient similarity to necessarily show a lustful disposition on the part of appellant. See *Gaskin v. State*, 166 Ga. App. 331, 333 (2) (303 SE2d 778) (1983). Thus, we believe the prejudicial impact of such testimony outweighed any relevance it might have to the offense charged, rendering it inadmissible. See *Carroll v. State*, 143 Ga. App. 796, 797 (2 (a)) (240 SE2d 197) (1977). However, we believe the error harmless under the facts of this case, as there was ample admissible evidence to show appellant's sexual proclivity for young girls. We find it highly probable that the erroneous admission of Wigzell's testimony did not contribute to the verdict in this case. *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976).

2. Appellant contends error in the trial court's failure to give limiting instructions regarding the evidence of independent crimes committed by appellant. Appellant made no request for such a charge at the time the testimony was offered or at the conclusion of such testimony, nor did he make a written request for such a charge prior to the court's charge to the jury. Thus, there was no error. *Stevens v. State*, 167 Ga. App. 744, 745 (3) (307 SE2d 535) (1983).

*Judgment affirmed. Deen, P. J., and McMurray, P. J., concur.*

DECIDED FEBRUARY 18, 1985 —
REHEARING DENIED MARCH 7, 1985 —

*Glenn Zell*, for appellant.
*Hobart M. Hind, District Attorney*, for appellee.