A89A0795. TUCKER v. THE STATE.
(382 SE2d 425)

POPE, Judge.

Defendant John Tucker appeals from his conviction and sentence for the offense of child molestation. On appeal his sole enumeration of error concerns the admission of testimony concerning a similar transaction which occurred approximately one month prior to the offense in the case at bar.

"Evidence of other similar crimes by a defendant is admissible if there is sufficient similarity or connection between the independent crime and the offense charged, that proof of the former tends to prove the latter. Such evidence may be admitted to show state of mind or intent of a defendant. In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the testimony of the victim as to the act charged." (Citations and punctuation omitted.) *Sparks v. State*, 172 Ga. App. 891, 892-893 (324 SE2d 824) (1984).

Relying on *Bloodworth v. State*, 173 Ga. App. 688 (1) (327 SE2d 756) (1985), defendant challenges the similarity of the incidents based on the fact that the prior incident involved a twenty-four-year-old woman whereas the victim in the case at bar was a twelve-year-old child. However, unlike defendant, we decline to read *Bloodworth* as enunciating a per se rule whereby evidence of a sexual offense involving an adult victim is always inadmissible in cases in which the sexual offense was perpetrated on a minor. In the case at bar, notwithstanding the difference in the victims' ages, the similarities between the earlier incident and the present offense were both numerous and obvious. In both cases the defendant gained entry to the victims' homes by identifying himself as an employee of a local gas company; in both cases he told the victims, who were at home alone at the time of the incidents, that he was there to check a stove recently purchased by

their households. In both cases defendant began fondling the victims while he purported to explain how the stove was operated. In the earlier incident the victim testified that the defendant touched her on her thighs and buttocks but that she was able to move away from the defendant when the telephone rang. However, when she completed her call, defendant began fondling her face and the victim knocked his hands away and told the defendant to leave, which he did. In the present case the defendant had pinned the victim up against the stove and had pulled her blouse around her neck and her pants and underpants down to her knees when the victim's stepfather arrived and rescued the victim.

" 'The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses.' *Johnson v. State*, 242 Ga. 649, 653 (250 SE2d 394) (1978). In the case before us, we have no hesitancy whatever in holding that the two transactions were sufficiently similar to render evidence of the earlier transaction admissible for the purpose of illustrating the [defendant's] motive, plan, scheme, bent of mind, and course of conduct. [Cits.]" *McGuire v. State*, 188 Ga. App. 891 (1) (374 SE2d 816) (1988). "Moreover, '[the evidence was also] admissible to show the lustful disposition of the defendant and to corroborate the testimony of the victim as to the acts charged.' [Cits.]" *Gaskin v. State*, 166 Ga. App. 331, 333-334 (303 SE2d 778) (1983). See also *Oller v. State*, 187 Ga. App. 818 (2) (371 SE2d 455) (1988); *Milner v. State*, 180 Ga. App. 97 (2 b & c) (348 SE2d 509) (1986); *Stevens v. State*, 167 Ga. App. 744 (2) (307 SE2d 535) (1983). Consequently, this enumeration affords no basis for reversal.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED MAY 23, 1989.

*Charles G. Haldi, Jr.*, for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, William Hawthorne, Joseph J. Drolet, Assistant District Attorneys*, for appellee.