## A94A1997. HOLMES v. THE STATE.
(456 SE2d 236)

RUFFIN, Judge.

Melvin Holmes was convicted of rape and aggravated sodomy. He appeals his conviction following the denial of his motion for a new trial.

The record shows that one night Holmes agreed to take the victim to the grocery store to get milk for her grandchild. Instead of going to the store, he drove behind a building in a deserted office park and ordered her out of the car. The victim testified that Holmes then punched her, knocked her to the ground and began to forcibly undress her. Holmes told the victim he would kill her if she screamed and forcibly performed oral sex on her. He then grabbed her wrists, threatened to kill her if she attempted to run away and raped her twice. Holmes testified that the sexual acts were consensual and de-

nied forcing the victim to engage in oral sex or raping her.

1. Holmes contends the trial court erred in allowing testimony about two similar transactions because the State did not meet the burden of showing that the relevance of the testimony outweighed its prejudicial effect. We disagree.

"In order for evidence of similar transactions to be admissible, it must be shown that the defendant was the perpetrator of the other transactions, and there must be some evidence to establish between the independent crime and the crime on trial such similarity to and logical connection with each other so that proof of the independent crime tends to establish, by evidence of identity, bent of mind, or intent, the commission of the crime . . . on trial. This exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses, but even where sexual offenses are involved, the evidence should not be admitted unless the prejudice it creates is outweighed by its relevancy." (Citations and punctuation omitted.) *Payne v. State*, 207 Ga. App. 312, 315 (2) (428 SE2d 103) (1993).

Like the victim in the instant case, both of the victims in the similar transactions testified that Holmes offered them a ride in his car for a specific purpose, and in each instance Holmes deviated from that purpose. Similarly, Holmes drove both of the other victims to a secluded area at night and became extremely violent when the women resisted his sexual advances. He forcibly performed oral sex on all three victims and raped one of the similar transaction victims as he did the victim here. Finally, as in the instant case, Holmes testified that his sexual involvement with one of the similar transaction victims was consensual and denied any involvement with the other victim. Thus, the evidence showed that the two other offenses were sufficiently similar with such a logical connection to the instant crime so as to render them admissible. Accordingly, "it is clear in this case that the relevancy of this extraneous evidence outweighed [any] prejudice." *Payne*, supra at 315-316.

2. Holmes asserts 11 other enumerations of error by the trial court. However, none of these enumerations are supported by argument or citation of authority, and consequently they are deemed abandoned. *Mack v. State*, 212 Ga. App. 187 (441 SE2d 503) (1994); Court of Appeals Rule 15 (c) (2) (now Rule 27 (c) (2)).

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED FEBRUARY 28, 1995 —
RECONSIDERATION DENIED MARCH 28, 1995.

*John D. J. Bloodworth,* for appellant.
*Daniel J. Porter, District Attorney, R. Keith Miles, Assistant*

*District Attorney,* for appellee.