## A99A1993. THOMPSON v. THE STATE.
### (526 SE2d 434)

JOHNSON, Chief Judge.

A jury found John Thompson guilty of three counts of child molestation, two counts of rape, and one count each of obstructing a law enforcement officer and possessing a knife during the commission of a felony. He appeals from the convictions, contending the trial court erred in admitting evidence of his prior aggravated sodomy conviction because it was not sufficiently similar to the crimes with which he was charged in this case. We hold that the crimes were sufficiently similar and the trial court did not abuse its discretion in admitting the evidence.

In the instant case the state charged Thompson with, among other things, molesting his stepdaughter by touching her breasts, buttocks, and vagina with his hands and forcing her to have sexual intercourse with him. The state sought to introduce evidence that Thompson committed aggravated sodomy upon his ex-girlfriend in 1990, explaining that the testimony would establish Thompson's bent of mind to engage in a forcible sexual assault. The trial court ruled the evidence was admissible.

The following evidence was presented at trial: Thompson's step-

daughter testified that in about 1993, when she was 12 years old, Thompson began fondling her breasts, vaginal area, and buttocks. The victim told her mother, but Thompson threatened the victim with a knife and demanded that she tell her mother she was lying. Thompson repeatedly told the victim that he would kill her and her family if she told. Thompson continued to fondle her for approximately three years.

When the victim was 16 years old, while no one else was home, Thompson directed her to go upstairs and take her clothes off. He yelled at her until she did so, pushed her onto the bed and held her down. The victim screamed and tried to push him off of her, but could not. Thompson put lubricating jelly on his penis and had intercourse with her. Thompson told the victim to go into the bathroom and take a bath. He then took her shopping and bought her new clothing.

A few weeks later, Thompson came home and found the victim lying on the couch. He pulled her off the couch and pushed her into a bedroom and onto the bed. The victim fought Thompson, but he overpowered and had intercourse with her. Shortly thereafter, Thompson threw some cash on her bed.

The similar transaction witness testified that after she ended her relationship with Thompson, she met him at a shopping mall in order to collect some money he owed her. Thompson told her he had a gun and threatened to throw her over a railing or shoot her if she tried anything. He took the victim by the arm, pushed something in her back, and led her to his truck. Thompson drove to a house they had previously shared, then ordered the victim to go to the bedroom and take off her clothes. He tied her hands and feet to the bedposts, put petroleum jelly on his penis and had anal intercourse with her. He ordered her to go into the bathroom and take a bath. Thompson said he needed to get the victim some medicine for her injuries and left the house for a few minutes. While he was gone, the victim managed to contact police. When Thompson returned, he bound and gagged the victim. Police arrived a short time later and knocked on the door. Thompson held a knife to the victim's throat and did not respond to the knocking. The officers left. Thompson left the victim in the house and drove to a fast food restaurant to buy her lunch. The officers returned later and arrested Thompson. He was eventually convicted of aggravated sodomy and several other offenses.

Evidence of a similar transaction is admissible if: (1) there is sufficient evidence that the similar transaction occurred; (2) the evidence is offered for an appropriate purpose; and (3) there is sufficient connection or similarity between the similar transaction and the

crime alleged so proof of the former tends to prove the latter.[1] The rules regarding the use of similar transaction evidence are construed most liberally in cases involving sexual offenses.[2]

It is well settled, particularly in cases involving sexual offenses, that similar transactions may be admitted for the purpose of establishing bent of mind.[3] Evidence of an earlier assault on a woman is material to the issue of consent or lack thereof and has a direct bearing on a defendant's bent of mind.[4] Such evidence tends to establish that a defendant has such bent of mind as to initiate or continue a sexual encounter without a person's consent.[5]

Contrary to Thompson's argument, the offenses were similar. In general, the crimes against both victims involved the use of force in order to engage in sexual contact. More specifically, all of the sexual offenses took place in a home Thompson shared with the victims; he ordered both victims to go to bedrooms and take off their clothing; he threatened both victims with a knife; he used lubricating or petroleum jelly with both victims; he told both victims to go to the bathroom and bathe immediately after intercourse; and he gave money to or bought things for both victims just after he committed the offenses.

Although the prior act of aggravated sodomy was not identical to the charged offenses, the law does not require that the transactions be identical.[6] The crucial factor is its relevance to the issues at trial.[7] The similarities in this case were relevant to the issue of Thompson's bent of mind.[8] Absent an abuse of discretion, we will not disturb a trial court's determination that similar transaction evidence is admissible.[9] There was no such abuse here.

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED DECEMBER 3, 1999.

*Darel C. Mitchell*, for appellant.
John Thompson, *pro se*.

---

[1] *Parrish v. State*, 237 Ga. App. 274, 280 (4) (514 SE2d 458) (1999).
[2] *Condra v. State*, 238 Ga. App. 174, 175 (2) (518 SE2d 186) (1999).
[3] *Goodroe v. State*, 238 Ga. App. 66, 68 (2) (b) (518 SE2d 139) (1999).
[4] Id.
[5] See id.
[6] *Jones v. State*, 226 Ga. App. 721, 723 (1) (487 SE2d 618) (1997).
[7] See *Woods v. State*, 224 Ga. App. 52, 55 (3) (479 SE2d 414) (1996).
[8] See generally *Salters v. State*, 238 Ga. App. 45, 46 (2) (517 SE2d 593) (1999).
[9] *Dumas v. State*, 239 Ga. App. 210, 215 (3) (521 SE2d 108) (1999).

*Daniel J. Porter, District Attorney, Nancy J. Dupree, Assistant District Attorney*, for appellee.