A00A2298. SMITH v. THE STATE.
(547 SE2d 598)

PHIPPS, Judge.
A jury found Michael Lamar Smith guilty of burglary, rape, and sexual battery in connection with his neighbor and guilty of multiple counts of child molestation and cruelty to children in connection with his grandson. Smith contends that the trial court should have granted his motion to sever the trial of the offenses relating to his neighbor from those relating to his grandson. Because the offenses relating to the neighbor and those relating to the grandson were unrelated to each other, we agree and reverse.

On April 30, 1997, Smith's neighbor stayed home from work because she had reinjured a recent appendectomy incision. She was taking pain medication that made her very sleepy and was wearing only a flannel shirt and panties. Two friends came to check on her during their lunch hour, and she left the front door open so that she would not have to get out of bed to let them in. Shortly after her

friends left, she heard her front door open again. She walked out of her bedroom and saw Smith, who lived across the street, standing in her house. He threw her on the bed and forced her to have sexual intercourse.

After Smith was arrested for the attack on his neighbor, C. M. became concerned because her four-year-old son, Z. M., who is Smith's grandson and who regularly visited Smith, had an unusual rash on his buttocks and had been complaining of stomach pains. She asked Z. M. whether anyone had ever touched his "private parts." Z. M. told her that Smith had touched his "Tilly-Whack." A nurse who examined Z. M. noticed a wide, deep fissure between his anus and scrotum and concluded that the injury was not recent.

With respect to his neighbor, Smith was charged with burglary, rape, and aggravated sexual battery. With respect to Z. M., he was charged with two counts of child molestation, two counts of aggravated child molestation, and two counts of cruelty to children. Smith moved to sever trial of the offenses relating to his neighbor from those relating to Z. M., but the trial court denied his motion. The jury found Smith guilty on all counts.

1. We review a trial court's denial of a motion to sever the trial of separate charges for an abuse of discretion.[1] If offenses have been joined for trial

> on grounds that they are of the same or similar character, and are part of a single scheme or plan, or are based on the same conduct or on a series of acts connected together or constituting parts of a single scheme or plan, the trial court, in its discretion, should grant a severance of offenses if it is deemed appropriate to promote a fair determination of the defendant's guilt or innocence of each charge. . . . [Cit.][2]

We also have held that the trial court does not abuse its discretion by denying a motion to sever if the evidence of one offense would be admissible as a similar act in the trial of the other offense.[3]

The charges in this case arose from two unrelated transactions. In one, Smith allegedly raped an adult female after breaking into her home. In the other, he allegedly molested his four-year-old grandson, who was visiting him. The two transactions happened at different locations on different dates and involved different victims and different witnesses. There was no evidence that the transactions were part of a single crime spree or that they were carried out in a similar manner.

---

[1] *Houston v. State*, 242 Ga. App. 300, 302 (2) (529 SE2d 431) (2000).

[2] *Terry v. State*, 259 Ga. 165, 168 (1) (377 SE2d 837) (1989).

[3] *Rocha v. State*, 234 Ga. App. 48, 53 (5) (506 SE2d 192) (1998).

The State argues that both transactions were attacks upon victims that Smith knew to be especially weak and vulnerable — the neighbor, because she was recovering from major surgery, and Z. M., because he was a young child and Smith's relative. Although the neighbor testified that Smith knew she had undergone surgery several weeks earlier, she also testified that she had returned to work before the rape, and there is no evidence that Smith knew she had reinjured her incision and was recuperating on the day of the attack. Without such evidence, the only similarity between the two transactions is that both were of a sexual nature. This is too tenuous a connection to support joinder of the offenses.[4] Likewise, evidence of the attack on the neighbor would not be admissible as a similar act in a trial related to the molestation of Z. M., and vice versa. Smith's rape of an adult woman would not show that he had a lustful disposition toward children, and his molestation of a child would not show that he had a bent of mind to rape an adult.[5] For these reasons, the trial court abused its discretion by denying Smith's motion to sever.

To warrant reversal, Smith must show that the trial court's failure to sever the trial of the offenses was harmful.[6] He argues that the joint trial of the charges caused a "smear effect" that unfairly disadvantaged him at trial. Again, we agree. As Smith was convicted on all counts, we cannot dismiss the possibility that the jury was unable to consider each transaction separately on its own merits. Moreover, the State presented evidence of Smith's previous molestations of three other minors. Such evidence likely would not have been admissible at a separate trial on the charges pertaining to his adult neighbor, for the reasons discussed above.

Because the trial court erred in denying Smith's motion to sever, and because we cannot conclude that the error was harmless, we must reverse his convictions. As some of Smith's remaining claims of error are likely to recur on remand, we address them also.

2. Count 8 of the indictment charged Smith with first degree cruelty to children for "unlawfully, and maliciously caus[ing] cruel and excessive physical pain to [Z. M.], a child under 18 years of age, by touching the penis of the child." Smith filed a "motion to quash/

---

[4] See *Brown v. State*, 230 Ga. App. 190, 192 (1) (495 SE2d 858) (1998) (trial court should have severed two charges of theft by receiving stolen property where only similarity was that both charges involved auto theft); *Booker v. State*, 231 Ga. 598, 599 (1) (203 SE2d 194) (1974).

[5] See *Bloodworth v. State*, 173 Ga. App. 688, 689 (1) (327 SE2d 756) (1985); cf. *Simpson v. State*, 271 Ga. 772, 773-774 (1) (523 SE2d 320) (1999) (clarifying that evidence of defendant's possession of sexually explicit materials is admissible in sex crimes case not to show defendant's lustful disposition in general, but only if it shows his lustful disposition toward the activity with which he is charged or his bent of mind to engage in that activity).

[6] See *Brown*, supra at 193 (2).

demurrer" with respect to this count, claiming that it failed to put him on notice of the crime with which he was charged. Specifically, Smith argued that " '[t]ouching,' unlike pinching, slapping, hitting, etc., does not by its very nature suggest the infliction of any sort of physical pain, nor is there any allegation of injury." The trial court denied Smith's motion on the ground that whether a touching rises to the level of physical pain is a jury question.

A defendant may challenge the substance of an indictment by general demurrer on the ground that it fails to charge him with a crime.[7] In that case, the test of the sufficiency of the indictment "is found in the answer to the question: Can the defendant admit the charge as made and still be innocent? If he can, the indictment is fatally defective."[8] A defendant also may challenge the form of an indictment by special demurrer, alleging that the indictment fails to apprise him sufficiently of the charges against him.[9] In that case, the indictment is sufficient if it "states the offense in the terms and language" of the relevant Code section or "so plainly that the nature of the offense charged may easily be understood by the jury."[10]

To the extent that Smith challenges the substance of the indictment, his challenge fails because Count 8 clearly alleges that he maliciously inflicted cruel and excessive pain on Z. M. Smith could not admit to this allegation and still be innocent.[11]

To the extent that Smith challenges the form of the indictment, that challenge also fails. Count 8 states that Smith caused pain to Z. M. by touching his penis. While it is true that touching does not necessarily entail pain, it is clear from the charge as a whole that Smith was accused of touching Z. M.'s penis in such a manner as to inflict pain. The test is not whether the indictment "could have been made more definite and certain . . . but whether it contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet. . . ."[12] The language in Count 8 meets that test.[13] The trial court properly denied

---

[7] *Dunbar v. State*, 209 Ga. App. 97, 98 (2) (432 SE2d 829) (1993).

[8] (Citation and punctuation omitted.) *Dennard v. State*, 243 Ga. App. 868, 870 (534 SE2d 182) (2000).

[9] Id.

[10] OCGA § 17-7-54 (a).

[11] See OCGA § 16-5-70 (b) ("Any person commits the offense of cruelty to children in the first degree when such person maliciously causes a child under the age of 18 cruel or excessive physical or mental pain.").

[12] (Citations and punctuation omitted.) *King v. State*, 176 Ga. App. 137, 139 (2) (335 SE2d 439) (1985), rev'd on other grounds, *Copeland v. White*, 178 Ga. App. 644 (344 SE2d 436) (1986).

[13] Compare *D'Auria v. State*, 270 Ga. 499, 500 (1) (512 SE2d 266) (1999) (accusation that defendant committed sexual battery by making intimate contact with body parts of victim was deficient because it failed to identify which body parts and how they were touched).

Smith's motion to quash.

Moreover, Smith does not allege that he was misled to his prejudice by the indictment's failure to specify exactly how Smith's alleged touching of Z. M.'s penis caused pain. In the absence of prejudice, an asserted deficiency in the form of an indictment is not reversible error.[14]

3. Smith contends that the trial court erred in several rulings related to one of the State's similar transaction witnesses, D. J. H. T., who testified that Smith had molested her twenty-two years earlier, when she was eleven or twelve.

(a) Smith filed a motion seeking the disclosure of "the psychiatric and behavioral history" of D. J. H. T., asserting that she had a history of mental instability, psychiatric treatment, and institutionalization. It does not appear from the record that Smith ever attempted to subpoena such information from any third party. At a pre-trial hearing, the prosecutor stated in her place that the State possessed no psychiatric records pertaining to this witness. Smith contends that the trial court's denial of his motion was error. However, the State cannot be ordered to produce what it does not have. Smith has not shown that the State, in fact, did possess the requested documents, and he has cited no authority for the proposition that the State has any obligation to obtain them from a third party. Accordingly, we find no error.

(b) The trial court allowed Smith to voir dire D. J. H. T. concerning her history of psychiatric problems and drug abuse. During the voir dire, she testified that she was "on full disability" due to various surgeries. Smith's attorney sought details of the surgeries, and the prosecutor objected. The trial court sustained the objection, but allowed Smith's attorney to ask her about the effects of any medications she was taking. Smith argues that the trial court erred in granting the prosecutor's objections because D. J. H. T.'s physical problems were relevant to her "competency." We disagree. Witnesses are presumed competent to testify and may be excluded only on grounds of "idiocy, lunacy, insanity, drunkenness, or infancy."[15] Smith fails to show how D. J. H. T.'s physical problems could have rendered her incompetent to testify. Accordingly, we find no abuse of discretion by the trial court.

(c) At the hearing on the admissibility of the State's similar transaction evidence, Smith sought to present a rebuttal witness who, he claims, would have testified that D. J. H. T. had no physical problems, only mental ones. The trial court refused to allow the witness to testify at the hearing on the ground that the testimony

---

[14] *King*, supra at 139-140.
[15] OCGA § 24-9-7 (a); see also *Dorsey v. State*, 206 Ga. App. 709, 713 (3) (426 SE2d 224) (1992).

sought to be introduced concerned D. J. H. T.'s credibility and not the admissibility of her testimony. However, the court ruled that Smith could impeach D. J. H. T.'s credibility at trial through rebuttal evidence and through cross-examination concerning her psychiatric treatment and drug problems. Smith argues that the trial court should have allowed the rebuttal witness to testify at the hearing, but he has shown no abuse of discretion.

4. Smith contends that the trial court erred with respect to another similar transaction witness, J. R. F., who testified that Smith fondled her and forced her to have sexual intercourse twelve years earlier, when she was ten years old. In 1987, a jury found Smith guilty of rape, statutory rape, child molestation, and cruelty to children in connection with J. R. F.[16] Our Supreme Court reversed the conviction because the trial court improperly had excluded evidence that J. R. F. had previously made false accusations of sexual misconduct against other men.[17] Smith apparently was not retried. In this case, the trial court allowed J. R. F. to testify about the incidents.

(a) Smith first asserts that J. R. F.'s testimony was "harmful and prejudicial" because of her history of making false accusations. But Smith was allowed a thorough cross-examination of her, and her credibility was a matter for the jury.[18] We find no error in the admission of her testimony.

(b) Smith also argues that the trial court should have disqualified the district attorney, Timothy Madison, from prosecuting the case. Smith claims that Madison, who also prosecuted the 1987 case against him, was a potential witness in this case because J. R. F. recanted her testimony from the previous trial to Madison. The trial court did not disqualify Madison. Instead, the court ruled that Smith could question J. R. F. about the recantation and could call Madison as a witness if she denied it. On cross-examination, J. R. F. testified that she did not remember telling Madison that Smith had not molested her. However, as Smith never sought to call Madison as a witness, the disqualification issue is moot.

5. Smith's remaining claims of error either are not likely to recur on remand or are deemed abandoned because they are not supported by argument or citation of authorities.[19]

*Judgment reversed. Johnson, P. J., and Smith, P. J., concur.*

---

[16] See *Smith v. State*, 259 Ga. 135 (377 SE2d 158) (1989).
[17] Id.
[18] See *Lumsden v. State*, 222 Ga. App. 635, 636-637 (2) (475 SE2d 681) (1996).
[19] See Court of Appeals Rule 27 (c) (2).

Decided March 26, 2001 —
Reconsideration denied April 9, 2001 

Wayne L. Burnaine, for appellant.
Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney, for appellee.