A01A1677. BARRETT v. THE STATE.
(559 SE2d 108)

POPE, Presiding Judge.

Mickey Barrett was tried by a jury and convicted on multiple counts of child molestation, aggravated child molestation, and aggravated sodomy. He enumerates three errors.

Evidence at trial showed that for several years, Barrett engaged in numerous sexual acts with his then wife's young son (his stepson), including fondling, masturbation, oral sex, and one episode of anal sex. The State also introduced his ex-wife's testimony that Barrett repeatedly requested that she engage in anal intercourse with him, which with one exception she refused to do. He made these requests at least twice weekly for several years during the same period of time that he was molesting the boy.

1. Barrett contends the court erred by admitting his ex-wife's testimony. We begin by noting that "[t]he general character of the parties and especially their conduct in other transactions are irrelevant matter unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct." OCGA § 24-2-2. The exception to this rule argued by the State is that the testimony tends to prove Barrett's state of mind or motive.

Before such evidence may be admitted as a "similar transaction," the State must make three affirmative showings: (1) that the evidence is being used for a permissible purpose, (2) that sufficient evi-

---

[7] *Jackson v. Virginia*, supra.

dence shows the accused to have been the perpetrator of the similar transaction, and (3) that sufficient similarity exists between the transaction and the crime for which the accused is on trial, such that proof of the former tends to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991). This exception to the general rule "has been most liberally extended in the area of sexual offenses, but even where sexual offenses are involved, the evidence should not be admitted unless the prejudice it creates is outweighed by its relevancy." (Citation and punctuation omitted.) *Holmes v. State*, 216 Ga. App. 874, 875 (1) (456 SE2d 236) (1995).

The State argued that Barrett's ex-wife's continued refusals motivated the defendant to act out sexually against her son. State of mind and motive are permissible purposes. See, e.g., *Dumas v. State*, 239 Ga. App. 210, 215 (3) (521 SE2d 108) (1999). And, the ex-wife's testimony was sufficient to show that Barrett was the perpetrator of the purported similar transaction.

The more significant issue is whether the evidence is sufficiently similar to a charged crime such that it tends to prove that Barrett committed that crime. In Count 2 of the indictment, Barrett was charged with aggravated child molestation arising out of the one incident of anal intercourse. A person commits aggravated child molestation if he or she engages in sodomy while committing child molestation. OCGA § 16-6-4 (c). Child molestation requires proof that the defendant performed the immoral or indecent act with the intent to arouse or satisfy either his or the child's sexual desires. OCGA § 16-6-4 (a).

There is an obvious similarity between the act of anal sex Barrett requested and had with his wife and the anal sex that Barrett requested and had with the boy. And the ex-wife's testimony is relevant because it tends to show that Barrett desired anal sex to satisfy his own sexual desires as required by OCGA § 16-6-4 (a). See *Thomas v. State*, 239 Ga. 734, 737-738 (5) (238 SE2d 888) (1977) (the incident must be relevant to the particular case on trial and the testimony must be needed; for instance, when there is no direct way for the State to prove the defendant's beliefs, motives, or state of mind). Cf. *Simpson v. State*, 271 Ga. 772, 773-774 (1) (523 SE2d 320) (1999) (defendant's sexual paraphernalia is "inadmissible unless it shows defendant's lustful disposition toward the sexual activity with which he is charged or his bent of mind to engage in that activity").

The fact that none of the ex-wife's testimony involves sexual acts with a child is not determinative because there is no "per se rule whereby evidence of a sexual offense involving an adult victim is always inadmissible in cases in which the sexual offense was perpetrated on a minor." *Tucker v. State*, 191 Ga. App. 648 (382 SE2d 425) (1989). Compare *Bloodworth v. State*, 173 Ga. App. 688 (327 SE2d

756) (1985) (prior incident of making a pass at an adult woman is not an admissible similar transaction on a charge of molesting a six-year-old child).

The prior acts are dissimilar, however, in a significant way. None of the ex-wife's testimony involves nonconsensual behavior. (This distinguishes child molestation cases involving nonconsensual behavior toward an adult in a prior transaction.) See, e.g., *Satterwhite v. State*, 250 Ga. App. 313, 316 (2) (a) (551 SE2d 428) (2001) (rape of co-worker sufficiently similar to nonconsensual sexual activity with child to allow evidence of former crime); *Thompson v. State*, 241 Ga. App. 295 (526 SE2d 434) (1999); *Yelverton v. State*, 199 Ga. App. 41, 42-43 (1) (403 SE2d 816) (1991). Compare *Smith v. State*, 249 Ga. App. 39, 40-41 (1) (547 SE2d 598) (2001) (court should sever trial of rape of an adult and child molestation because rape of an adult does not show lustful disposition toward children, and molestation of child would not show bent of mind to rape adult).

But, given that the similar transaction rule has been most liberally extended in the area of sexual offenses, and because the prior transaction in this case tends to shed light on what would arouse Barrett's sexual desire, we conclude that the evidence here was admissible and that its probative value outweighed any prejudicial impact.

Barrett argues that because the similar transaction involves sodomy conducted in private between consenting adults, we should consider the Supreme Court of Georgia's holding that that activity is protected by the Georgia Constitution's right to privacy. See *Powell v. State*, 270 Ga. 327 (510 SE2d 18) (1998). But Barrett did not raise any argument regarding this constitutional right in the trial court, and therefore it is not before us. *Rahman v. Dalkon Shield Claimants Trust*, 243 Ga. App. 623, 625 (1) (532 SE2d 699) (2000).

2. Barrett contends his trial counsel provided ineffective assistance to his defense. In order to prevail on his claim of ineffective assistance of counsel, Barrett must show that his attorney's performance was deficient and that the deficiency prejudiced him such that a reasonable probability exists that, but for counsel's errors, the outcome at trial would have been different. *Mobley v. State*, 271 Ga. 577 (523 SE2d 9) (1999), citing *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984).

Barrett asserts that his counsel (1) failed to interview one witness until after the trial began, (2) failed to investigate before trial one of the State's proposed similar transactions, (3) failed to familiarize himself with the child's videotaped statement, and (4) failed to thoroughly cross-examine the State's witnesses. However, even assuming that these assertions are true, Barrett has failed to even argue that a reasonable probability exists that, but for counsel's

errors, the outcome at trial would have been different. Accordingly, this enumeration is without merit.

3. Barrett failed to cite or argue authority on appeal for his third enumeration of error, and therefore it is deemed abandoned. *Whatley v. State*, 197 Ga. App. 489 (398 SE2d 807) (1990).

*Judgment affirmed. Blackburn, C. J., and Mikell, J., concur.*

DECIDED JANUARY 18, 2002 —

*Albert C. Palmour, Jr.*, for appellant.

*Herbert E. Franklin, Jr., District Attorney, Michael J. Moeller, Assistant District Attorney*, for appellee.