## A03A1606. PERRY v. THE STATE.
(588 SE2d 838)

RUFFIN, Presiding Judge.

Isaiah Perry was indicted for rape and aggravated assault with intent to rape. Following a trial, the jury found Perry guilty of aggravated assault and sexual battery, a lesser included offense of rape. In his sole enumeration of error on appeal, Perry contends that the trial court erred in admitting evidence of a similar transaction. We agree and thus reverse.

1. As a threshold matter, we must address the State's argument that Perry's failure to include a transcript from the similar transaction hearing bars our review of his allegation of error. As noted by the State, the burden is on the complaining party to compile a complete record of what happened at the trial level, and when this is not done, there is nothing for the appellate court to review.[1] If a party fails to include a transcript that is necessary to resolve the issue on appeal, we presume the trial court acted correctly and affirm.[2] Here, however, the hearing transcript is not necessary.

In Perry's sole allegation of error, he argues that the State failed to prove that the prior act was sufficiently similar to warrant its admission at trial. And the State is required to prove *at trial* that there is sufficient similarity and/or connection between the prior act and the crime charged so "that proof that the accused committed the former tends to prove that the accused also committed the latter."[3] As the error is alleged to have occurred during trial, the hearing transcript is not necessary to resolve the issue on appeal.

2. At trial, the State tendered evidence that, on October 4, 2001, the victim was walking down the street when she was accosted by Perry and Jerry Parris. Perry put a gun to the victim's head and ordered her to pull down her pants and get on her knees. The victim testified that both Perry and Parris raped her. Afterward, the victim fled to a friend's house, and the police were summoned. That night, the victim was taken to the hospital where a rape examination was performed. A subsequent DNA test on the sperm sample obtained during the examination matched Parris' DNA.[4]

In support of its case against Perry, the State presented evidence of a similar transaction to demonstrate his "bent of mind and lustful disposition." Juan Cruz, a military investigator, testified that he interviewed Perry in January 1991 regarding his alleged involve-

---

[1] See *Wright v. State*, 215 Ga. App. 569, 570 (2) (452 SE2d 118) (1994).

[2] See id.

[3] *Williams v. State*, 261 Ga. 640, 642 (2) (c) (409 SE2d 649) (1991).

[4] Parris was found guilty of rape, and this Court affirmed his conviction. See *Parris v. State*, 258 Ga. App. 49 (572 SE2d 728) (2002).

ment in the rape of a minor. At the time of the incident, Perry was 18. Cruz read from Perry's statement in which he admitted having intercourse with a 13-year-old girl. According to the statement, Perry did not threaten the girl, and he terminated the encounter when the girl told him to leave. Perry did, however, plead guilty to child molestation. On appeal, Perry contends that the trial court erred in admitting this evidence. We agree.

As this Court recently reiterated, we review a trial court's ruling as to the admissibility of similar transaction evidence under an abuse of discretion standard.[5] And

> in crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses.[6]

Notwithstanding the liberal admission policy, in order to be admitted, similar transaction evidence should demonstrate a defendant's bent of mind or lustful disposition toward the sexual activity for which he is on trial.[7] Such evidence cannot be admitted simply to show "that the defendant likely committed the crime because he is a person of bad character."[8]

Under the facts of this case, we fail to see how evidence regarding Perry's nonforcible sex with a minor can be equated with his alleged violent rape of an adult.[9] In a recent case, this Court noted that the "rape of an adult woman would not show that [a defendant] had a lustful disposition toward children."[10] Conversely, we do not believe that a nonviolent sexual encounter with a minor shows a predilection to commit forcible rape against an adult.

The State's argument does nothing to dissuade us. The State argues that the prior incident is similar because it too involved nonconsensual sex. Specifically, the State points to the fact that the victim in the prior act, a minor, was incapable of consenting to the act.

---

[5] See *Hostetler v. State*, 261 Ga. App. 237, 238 (1) (582 SE2d 197) (2003).

[6] Id.

[7] See *Simpson v. State*, 271 Ga. 772, 774 (1) (523 SE2d 320) (1999) (defendant's possession of sexually explicit material inadmissible unless evidence shows lustful disposition or bent of mind toward crime charged).

[8] *Parrish v. State*, 237 Ga. App. 274, 278-279 (3) (514 SE2d 458) (1999); see *Guyton v. State*, 272 Ga. 529, 531 (3) (531 SE2d 94) (2000).

[9] See *Bloodworth v. State*, 173 Ga. App. 688, 689 (1) (327 SE2d 756) (1985) ("Making a 'pass' at an adult woman cannot be equated to molesting a six-year-old child, nor is it of sufficient similarity to necessarily show a lustful disposition on the part of appellant.").

[10] *Smith v. State*, 249 Ga. App. 39, 41 (1) (547 SE2d 598) (2001).

In Georgia, however, the offense of rape requires more than nonconsensual sex; it requires the element of force.[11] As this crucial element was absent in the similar transaction, the trial court abused its discretion in admitting evidence of it.[12]

Furthermore, we are unable to conclude that the error was harmless.[13] The defense presented evidence that the interaction was consensual. And, although Perry was charged with rape, the jury acquitted him of this offense, finding him guilty of the lesser offense of sexual battery. Under these circumstances, we cannot characterize the evidence of Perry's guilt as overwhelming.[14] It follows that Perry's conviction must be reversed.

*Judgment reversed. Smith, C. J., and Miller, J., concur.*

DECIDED OCTOBER 17, 2003.

*Robert R. McLendon IV*, for appellant.

*J. Brown Moseley, District Attorney, Ronald R. Parker, Assistant District Attorney*, for appellee.

---

[11] See OCGA § 16-6-1 (a) (1).

[12] The State contends that it presented evidence of force via Cruz's testimony that "the victim stated that she struggled and tried to push [Perry] off." As noted by Perry, however, this testimony is hearsay, which lacks probative value even if a party fails to object to the admission of such evidence. See *Cordis v. State*, 236 Ga. App. 629, 631 (3) (513 SE2d 45) (1999).

[13] See *Bloodworth*, supra (erroneous admission of similar transaction evidence subject to harmless error doctrine).

[14] Cf. id. (ample admissible evidence demonstrated defendant's sexual proclivities).