## A04A1323. KINGSLEY v. THE STATE.
(603 SE2d 78)

ANDREWS, Presiding Judge.

Christopher Kingsley appeals after a jury convicted him of aggravated child molestation, aggravated sexual battery, and three counts of child molestation. Kingsley contends on appeal that the trial court erred in admitting similar transaction evidence and in admitting the videotaped statements of the victim without allowing him the opportunity to cross-examine the child as to her propensity to tell the truth. After reviewing the record, we conclude there was no reversible error and affirm.

The evidence at trial, taken in the light most favorable to the verdict, showed that Kingsley was living with the victim's mother at the time he molested her. Kingsley was "cuddling" with the victim H. C. on the sofa watching television one evening when he began to fondle her breast and put his hand inside her pajamas, touching her vagina. Kingsley also took H. C.'s hand and placed it on his penis.

The next morning, after H. C.'s mother left for work, Kingsley went into H. C.'s bedroom to wake her up. Kingsley removed his robe, placed his finger in her vagina, rubbed his penis against her, and orally sodomized her.

The State introduced similar transaction evidence by way of testimony of a prior victim. That victim stated that she knew Kingsley because he was a friend of her fiancé. She said that Kingsley was at her house for a Halloween party and when it got late she went upstairs and went to sleep. When she awoke, she realized that Kingsley was kneeling by the bed and orally sodomizing her.

1. In his first enumeration of error, Kingsley argues the trial court should not have admitted this similar transaction evidence. He claims that an attack on an adult woman is not sufficiently similar to the molestation of a child.

> [I]n crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses.

*Hostetler v. State*, 261 Ga. App. 237, 238 (1) (582 SE2d 197) (2003). And, "[a] trial court's determination that similar transaction evidence is admissible will not be disturbed absent an abuse of discretion." *Rowe v. State*, 263 Ga. App. 367, 368 (1) (587 SE2d 781) (2003).

In *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), the Court set out the three showings the State must make to admit similar transaction evidence. First, the State must identify a proper purpose for admitting the transaction; second, the State must show that the accused committed the separate offense; and third, the State must show a sufficient similarity between the independent offense and the crime charged so that proof of the former tends to prove the latter. Id. at 642 (2) (b).

In this case, the State introduced the evidence to show course of conduct, bent of mind, and lustful disposition and to corroborate the victim's testimony. The victim knew Kingsley and positively identified him at trial. The two acts of oral sodomy were sufficiently similar, the only difference being that the victim in the instant case was eleven years old and the similar transaction victim was an adult.

In numerous cases, this Court has held that "there is no 'per se rule whereby evidence of a sexual offense involving an adult victim is always inadmissible in cases in which the sexual offense was perpetrated on a minor.'" *Barrett v. State*, 253 Ga. App. 357, 358 (1) (559 SE2d 108) (2002). Here, the similarities between the present offense and similar transaction were numerous and obvious; therefore, the difference in the victims' ages does not make the similar transaction inadmissible. See *Barrett*, supra; *Dumas v. State*, 239 Ga. App. 210 (521 SE2d 108) (1999); *Tucker v. State*, 191 Ga. App. 648 (382 SE2d 425) (1989).

*Smith v. State*, 249 Ga. App. 39 (547 SE2d 598) (2001), relied on by Kingsley, is not on point. The issue in *Smith* was whether the trial court erred in not severing for trial two offenses: the burglary, rape, and sexual battery of the defendant's neighbor, and the child molestation of the defendant's grandson. Id.

In light of the above, we conclude there was no abuse of discretion in the trial court's decision to admit the similar transaction evidence.

2. Next, Kingsley claims the trial court erred in admitting the videotaped statements of the victim without allowing defense counsel to inquire into the child's propensity to tell the truth. Kingsley cites to no authority on point in support of his claim that this was reversible error, and we find none.

Before allowing the videotape to be admitted into evidence, the court held a hearing on Kingsley's motion to prohibit its introduction. After viewing the videotape, the court went through a detailed analysis and a detailed explanation of its decision to admit the videotape. The Court discussed the ten factors set out in *Gregg v. State*, 201 Ga. App. 238, 240 (3) (b) (411 SE2d 65) (1991), including the general credibility of the child, and found sufficient indicia of reliability to admit the videotaped interview.

Kingsley now claims that he should have been allowed to inquire into the child's propensity to tell the truth. But, at the motion hearing, the prosecutor pointed out that "character evidence trying to paint this child as a liar would be inadmissible," and defense counsel replied: "I agree, Your Honor. We don't intend to do that."

Further, defense counsel had the opportunity to cross-examine the victim on the stand about her statements, thus satisfying Kingsley's right to confront the witness. *Reynolds v. State*, 257 Ga. 725, 726 (363 SE2d 249) (1988). There was no error.

*Judgment affirmed. Miller and Ellington, JJ., concur.*

DECIDED JULY 26, 2004.

Larry A. Ballew, for appellant.
Penny A. Penn, District Attorney, Sandra A. Partridge, Assistant District Attorney, for appellee.