## A06A0827. THOMPSON v. THE STATE.
(632 SE2d 407)

MILLER, Judge.

John Thompson appeals pro se from the denial of his motion to modify his sentence in connection with his convictions on two counts of rape.[1] He contends that the trial court erred by applying the wrong statutory scheme in sentencing him to life in prison as a recidivist, since the sentencing provisions used by the trial court at sentencing in 1998 were different from those that were applicable in 1996 when he committed the rapes. Although the rape statute was amended

---

[14] *Garner v. Victory Express*, 264 Ga. 171, 172 (2) (442 SE2d 455) (1994).

[15] *Johnson v. State*, 186 Ga. App. 891 (1) (369 SE2d 48) (1988).

[1] In two earlier appeals, we affirmed Thompson's convictions and sentences for three counts of child molestation, the two counts of rape, and one count each of obstructing a law enforcement officer and possessing a knife during the commission of a felony. See *Thompson v. State*, 241 Ga. App. 295 (526 SE2d 434) (1999); *Thompson v. State*, 269 Ga. App. 77 (603 SE2d 684) (2004). Only the sentencing related to the two counts of rape is relevant to the current appeal, and the other circumstances surrounding Thompson's crimes and his sordid appellate history will not be restated here.

before Thompson was sentenced in this case, the amendments did not alter the fact that, under both the previous and amended versions of the statute, Thompson would have been required to serve life sentences without parole for his rape convictions. We therefore affirm the trial court's denial of Thompson's motion to modify his life sentences.

The relevant evidence of record reveals that at some time between September 1, 1996, and October 20, 1996, Thompson committed the acts that formed the basis for the two rape charges against him. In September 1998, Thompson was convicted of, among other things, two counts of rape. At the sentencing hearing, the State introduced a certified copy of Thompson's prior conviction for aggravated sodomy. The trial court sentenced Thompson to life without parole for each rape count.

At the time that Thompson committed the rapes in 1996, OCGA § 16-6-1 (b) provided that "[a] person convicted of the offense of rape shall be punished by death, by imprisonment for life, or by imprisonment for not less than one nor more than 20 years." Ga. L. 1996, p. 1115, § 1. OCGA § 17-10-7 (b) (2) was also in effect at that time, however, and that statute provided,

[a]ny person who has been convicted of a serious violent felony in this state or who has been convicted under the laws of any other state or of the United States of a crime which if committed in this state would be a serious violent felony and who after such first conviction subsequently commits and is convicted of a serious violent felony for which such person is not sentenced to death shall be sentenced to imprisonment for life without parole.

See Ga. L. 1994, p. 1959, § 12. OCGA § 17-10-6.1 (a), which was also in effect at the time Thompson committed the rapes, defined both rape and aggravated sodomy as "serious violent felonies." See Ga. L. 1994, p. 1959, § 11.

Thus, in light of Thompson's prior conviction for aggravated sodomy, a serious violent felony, the trial court would have been required to sentence Thompson to life without parole for his subsequent violent rape felonies under the sentencing statutes as they existed in 1996.

The trial court was also required to sentence Thompson to life without parole under the sentencing statutes that existed at the time of his trial in 1998. OCGA § 16-6-1 (b) was amended in 1997 to read as follows:

A person convicted of the offense of rape shall be punished by death, by imprisonment for life, or by imprisonment for not

less than ten nor more than 20 years. Any person convicted under this Code section shall, in addition, be subject to the sentencing and punishment provisions of Code Sections 17-10-6.1 and 17-10-7.

Ga. L. 1997, p. 6, § 2. The amended statute increased the minimum punishment for rape from one year to ten years, and pursuant to the requirements of OCGA § 17-10-6.1 (b), ensured that such minimum sentence had to be served without the possibility of parole. The amended statute, however, did not change the fact that a second-time violent felony offender had to be sentenced to life without parole. Compare Ga. L. 1996, p. 1115, § 1, Ga. L. 1994, p. 1959, § 11, and Ga. L. 1994, p. 1959, § 12 with OCGA § 16-6-1 (b), OCGA § 17-10-6.1 (a), and OCGA § 17-10-7 (b) (2).

The amended provisions of OCGA § 16-6-1 (b) did nothing to change the sentence that the trial court was required to impose on Thompson based on the circumstances of his case. In light of Thompson's prior felony conviction for aggravated sodomy, the trial judge was required to sentence him to life in prison without parole for his subsequent rape convictions. Since this is exactly what happened, we find no basis for Thompson to be resentenced on his rape convictions. The trial court properly denied Thompson's motion to modify his life sentences.

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED MAY 16, 2006 —
RECONSIDERATION DENIED JUNE 8, 2006.

John Thompson, *pro se.*
*Daniel J. Porter, District Attorney, Nancy J. Dupree, Assistant District Attorney*, for appellee.