## S08G1267. PAYNE v. THE STATE.

(674 SE2d 298)

THOMPSON, Justice.

We granted a petition for writ of certiorari to the Court of Appeals to consider whether the Court of Appeals erred in Division 3 of *Payne v. State*, 290 Ga. App. 589 (660 SE2d 405) (2008), by affirming the trial court's admission of similar transaction evidence in this case. Because the Court of Appeals correctly decided that evidence of Payne's prior rape of an adult woman was sufficiently similar to the current child molestation charges to show bent of mind and course of conduct, we affirm.

William Christopher Payne was convicted on two counts of aggravated child molestation, three counts of child molestation and one count of child cruelty. The evidence at trial established that on October 25, 2000, Payne's stepdaughter, who was 11 years old at the time, approached a DARE officer at her elementary school and reported that Payne was sexually abusing her. Later, in a taped interview with Douglas County Sheriff's Office deputies, the stepdaughter reported that on multiple occasions over a period of approximately three years, Payne entered her bedroom at night and performed a number of sexual acts on her including fondling, oral sodomy and sexual intercourse. Payne's stepdaughter reported that, to accomplish these crimes, Payne held her down and threatened her with physical harm. She added that she was afraid that her stepfather would kill her.[1]

Prior to trial, the State sought to offer evidence of a 1994 crime in Alabama, in which Payne admits that he forcibly entered the home of an adult woman with whom he had been living previously and, at knife point, physically restrained her, threatened to kill her and forced her to engage in oral sodomy and sexual intercourse. After a hearing pursuant to *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), the trial court admitted this evidence for the purpose of establishing bent of mind and course of conduct. At trial, the jury heard testimony related to the Alabama crime from the victim and the arresting officer. A certified copy of the record of conviction and certain photographs were admitted into evidence. The jury returned a guilty verdict on all counts and Payne appealed, asserting inter alia, the trial court erred in admitting evidence of the Alabama crime. The Court of Appeals affirmed, finding the Alabama crime and the current crimes sufficiently similar so as to constitute similar transaction evidence. We granted certiorari and posed this question:

---

[1] This statement was made by the victim when she was left alone during the interview; it was captured on videotape.

Did the Court of Appeals err in holding that it was not error to admit the similar transaction evidence?

The decision of a trial court to admit evidence of similar transactions will be upheld unless clearly erroneous. *Colbert v. State*, 275 Ga. 525, 526 (2) (570 SE2d 321) (2002). To be admissible for the purposes of establishing motive, intent, course of conduct or bent of mind, the State must show (a) sufficient evidence that the similar transaction occurred and (b) sufficient connection or similarity between the similar transaction and the crime alleged so proof of the former tends to prove the latter. *Hinton v. State*, 280 Ga. 811, 817 (6) (631 SE2d 365) (2006); *Williams v. State*, supra. When considering the admissibility of similar transaction evidence, the proper focus is on the similarities, not the differences, between the separate crime and the crime in question. *Wayne v. State*, 269 Ga. 36, 39 (3) (495 SE2d 34) (1998). This rule is most liberally extended in cases involving sexual offenses because "[s]uch evidence tends to establish that a defendant has such bent of mind as to initiate or continue a sexual encounter without a person's consent." *Thompson v. State*, 241 Ga. App. 295, 297 (526 SE2d 434) (1999); *Morgan v. State*, 226 Ga. App. 327, 328 (486 SE2d 632) (1997).

Payne does not dispute that the Alabama crime occurred, but argues that the facts of the Alabama crime were not sufficiently similar to the facts at issue here to constitute a similar transaction. Payne relies on a number of Court of Appeals cases to argue that evidence of a prior sexual act committed on an adult is inadmissible at the later trial of an indictment charging a sexual act committed on a child unless the facts are so similar as to be "obvious and numerous." Payne also urges this Court to overturn Division 6 of *Hinton v. State*, supra, and to abrogate the rule that the proper focus in weighing similar transaction evidence is on the similarities, not the differences, between the separate crime and the crime in question.

We begin our analysis by noting that the trial court, after extensive briefing and oral argument, found sufficient similarity between the Alabama crime and the current case based on a number of facts. Both victims were females with whom Payne had a personal relationship, as opposed to randomly chosen strangers. Both crimes were committed in the home where Payne was residing or had recently resided, and where he likely felt more comfortable than in public or a less familiar place. Both victims described similar sexual acts, including oral sodomy. Finally, both victims were physically restrained and threatened with physical violence.

Payne correctly notes that there are cases in which sexual acts perpetrated against adults were found insufficiently similar to be admissible in the later trial for sexual acts perpetrated against

children. See *Perry v. State*, 263 Ga. App. 670 (588 SE2d 838) (2003); *Bloodworth v. State*, 173 Ga. App. 688 (327 SE2d 756) (1985). Payne's brief devotes much attention to *Perry v. State*, supra, and the violent nature of the Alabama crime in an apparent effort to contrast it to the molestation charges in this case. In *Perry*, the appellant was charged with violently raping an adult woman at gunpoint. At trial, the State offered evidence that Perry had previously pled guilty to child molestation. The underlying similar transaction evidence demonstrated that Perry, at age 18, had sexual intercourse with a 13-year-old girl, but did not threaten the girl and terminated the encounter when the girl told him to leave. The Court of Appeals found that non-forcible sex with a minor child could not be equated with the violent rape of an adult. Accordingly, it ruled the similar transaction evidence inadmissible.

This distinction between forcible and non-forcible acts made by the Court of Appeals in *Perry* is an important one for purposes of weighing the similar transaction evidence in this case. This is not the type of child molestation which depends upon mental manipulation, trickery or cajoling to adduce the child's consent. This was a series of violent acts in which the child victim was restrained, threatened, and physically forced to commit sexual acts. To hold that these cases are too dissimilar to constitute similar transaction evidence based solely on the difference in the victims' ages would ignore our precedent.

No Georgia case holds that the difference in age of the victims is alone determinative of similarity. Our precedent consistently holds that it is the totality of the similar facts surrounding the crimes which are properly considered in a similar transaction analysis. See, e.g., *Hinton v. State*, supra; *Williams v. State*, supra; *Hunt v. State*, 233 Ga. 329 (211 SE2d 288) (1974); *Enurah v. State*, 279 Ga. App. 883 (633 SE2d 52) (2006); *Barrett v. State*, 253 Ga. App. 357 (559 SE2d 108) (2002); *Morgan v. State*, supra. Indeed, in *Kingsley v. State*, 268 Ga. App. 729 (603 SE2d 78) (2004), the Court of Appeals held that where there are sufficient similarities between crimes (forcible sodomy), a mere difference in age of the victims (one is an adult and the other a child) will not render the prior transaction inadmissible.

Based on the similarities identified above, we cannot say that the trial court's decision to admit this evidence was clearly erroneous, and we decline Payne's invitation to overturn *Hinton* or to create a new rule with respect to the admissibility of similar transaction evidence. We therefore affirm.

*Judgment affirmed. All the Justices concur, except Sears, C. J., Hunstein, P. J., and Carley, J., who dissent.*

HUNSTEIN, Presiding Justice, dissenting.

Because I cannot agree that the allegedly "similar" prior trans-action had any tendency to prove that Payne committed the crimes charged herein, and because the evidence of that prior transaction is likely to have influenced the jury's determination as to Payne's guilt, I would reverse the decision of the Court of Appeals and remand for a new trial. Accordingly, I respectfully dissent.

> It is fundamental to our system of criminal justice that evidence of a defendant's general character is irrelevant and inadmissible. Character evidence is excluded because a jury must determine a defendant's guilt or innocence based solely on evidence relevant to the crime charged, and not based on a belief that the defendant has a criminal character or a general propensity to commit bad acts. . . . [E]vi-dence of a prior crime is character evidence of the worst sort because such evidence indicates a criminal character. As such, it has great potential for leading a jury to convict a defendant of a crime based solely on the defendant's char-acter.

(Citations, footnotes and emphasis omitted.) *Farley v. State*, 265 Ga. 622, 628 (458 SE2d 643) (1995) (Sears, J., concurring specially).

While the general rule disallowing the admissibility of prior bad acts is qualified by the long-standing, limited exception for cases where the prior bad act bears a "logical connection" with the current crime such that "proof of the [former] tends to establish the [latter]," *Cawthon v. State*, 119 Ga. 395, 408-409 (5) (46 SE 897) (1904), this case exemplifies the extent to which this limited excep-tion has been stretched over time. If it can be said that proof of an accused's one-time violent rape of a thirty-two-year-old ex-girlfriend accomplished by forcible entry into her home tends to establish the three-year-long molestation of a pre-adolescent stepdaughter living in the accused's home, then proof of *any* prior sex crime, no matter how dissimilar in nature from the crime charged, can be said to be probative of the commission of any other sex crime. Though the appellate courts of this State have consciously construed the excep-tion for similar transactions most broadly in the context of sex crimes, see *Barrett v. State*, 253 Ga. App. 357, 358 (1) (559 SE2d 108) (2002), we have never approved such an expansive construction as the majority adopts herein.

To the contrary, our courts have expressly held that sex crimes against children "require[ ] a unique bent of mind." *Boynton v. State*, 287 Ga. App. 778, 780 (3) (653 SE2d 110) (2007). Accord *Turner v. State*, 245 Ga. App. 476, 478 (2) (538 SE2d 125) (2000). Thus, while

it has been held that "there is no 'per se rule whereby evidence of a sexual offense involving an adult victim is always inadmissible in cases in which the sexual offense was perpetrated on a minor,'" *Barrett*, supra, 253 Ga. App. at 358 (1), our courts have allowed such evidence only where "the similarities between the present offense and [the] similar transaction [are] numerous and obvious." *Kingsley v. State*, 268 Ga. App. 729, 730 (1) (603 SE2d 78) (2004). See *Maynard v. State*, 282 Ga. App. 598, 604 (3) (639 SE2d 389) (2006) (reversing conviction because "no logical connection existed between the [prior] acts . . . and the crimes for which [defendant] was on trial"); *Perry v. State*, 263 Ga. App. 670, 671 (2) (588 SE2d 838) (2003) (reversing conviction for improper admission of prior transaction evidence, stating, "a nonviolent sexual encounter with a minor [does not] show[ ] a predilection to commit forcible rape against an adult"); *Bloodworth v. State*, 173 Ga. App. 688 (1) (327 SE2d 756) (1985) (inappropriate sexual overtures to adult not admissible in trial for child molestation). See also *Smith v. State*, 249 Ga. App. 39, 41 (1) (547 SE2d 598) (2001) ("[defendant's] rape of an adult woman would not show that he had a lustful disposition toward children, and his molestation of a child would not show that he had a bent of mind to rape an adult"). Compare *Barrett*, supra, 253 Ga. App. at 358 (fact that prior act involving adult tended to show motive and state of mind, as well as similarity in specific sexual acts performed, supported admissibility of prior transaction evidence).

The majority uncritically adopts the State's argument that the prior transaction evidence here was admissible to show Payne's "course of conduct" and "bent of mind." However,

> "bent of mind" and "course of conduct" have evolved into amorphous catch-phrases, difficult to define and slippery in application. While they may be legitimate purposes for introducing independent crime evidence under some circumstances, careful analysis of the relevance of the evidence is especially important when those purposes are claimed. Such careful scrutiny is essential because a person's bent of mind is dangerously close to being his character, and a person's course of conduct could easily show nothing more than a mere propensity to act in a certain manner.

(Citations and footnotes omitted.) *Farley*, supra, 265 Ga. at 630 (Sears, J., concurring specially). Accord Paul S. Milich, *Georgia Rules of Evidence*, § 11.13, pp. 189-190 (2d ed. 2002) ("[u]sing phrases like 'bent of mind' or 'course of conduct' totally obscures the distinction between legitimate evidence and the prohibited evidence of character"). Indeed, this Court has acknowledged in a similar context that

the admission of evidence regarding sex paraphernalia belonging to the defendant should be limited to situations in which the items "show[ ] defendant's lustful disposition toward *the sexual activity with which he is charged* or his bent of mind to engage in *that activity*." (Emphasis supplied.) *Simpson v. State*, 271 Ga. 772, 774 (1) (523 SE2d 320) (1999). In other words, there must be some connection between the paraphernalia and the specific sex acts of which the defendant is accused in order to render such inflammatory evidence more probative of the defendant's "bent of mind" than prejudicial to the jury's perception of him. Considering that possession of sex paraphernalia, while arguably offensive, is not inherently criminal, this principle should hold equally true, if not more so, in cases where the evidence in question relates to a prior sex crime.

In this case, the prejudicial effect of the prior transaction evidence cannot be overstated. The truth of the victim's allegations was hotly contested, impeached by her own pre-trial recantations and denial of the allegations at trial. There was no physical evidence to substantiate that any sexual contact had ever occurred. There was testimony supportive of the victim's possible reasons for advancing false allegations, including the victim's own admission that she would lie to get what she wanted. In short, "the evidence was in sharp conflict and the evidence of prior conviction[ ] may have been the deciding factor in the jury's verdict." *Wimberly v. State*, 180 Ga. App. 148, 150 (1) (348 SE2d 692) (1986). Accordingly, I must respectfully dissent.

I am authorized to state that Chief Justice Sears and Justice Carley join in this dissent.

DECIDED MARCH 9, 2009.

*Brian Steel*, for appellant.
*David McDade, District Attorney, James E. Barker, James A. Dooley, Assistant District Attorneys*, for appellee.