## A05A1866. JENNINGS v. THE STATE.
(626 SE2d 155)

ANDREWS, Presiding Judge.

Robert Keith Jennings was found guilty by a jury of the offense of rape. He appeals claiming that the trial court erroneously admitted evidence identifying him as the rapist and showing as similar transaction evidence that he committed a prior rape. He also contends that the evidence was insufficient to support the conviction. For the following reasons, we find no error and affirm.

1. The State presented the following evidence in support of the rape charge. The rape victim testified that, after attending a University of Georgia football game in Athens, she and her sister were drinking alcoholic beverages in a local bar and she became intoxicated and disoriented. She went to use the restroom at the bar and the next thing she remembered was realizing that she was in the back seat of a car being driven out of Athens by a man she did not know. She tried to escape from the car, but the doors were locked and she was unable to get out. The man drove her to a trailer, where he took her inside and tried to talk her into voluntary sex. She refused and physically fought back when the man fondled her, but he overpowered her, pulled off her clothes, and forcibly raped her. After the rape, the victim put her clothes on and begged the man to take her back to Athens. He refused and tried to pull off her clothes a second time. The victim resisted this time by pretending she was sick and about to vomit. This tactic worked for a short period when the man let her go to the bathroom where she pretended to vomit. When she came out of the bathroom, the man again tried to pull off her clothes, but the victim fought back and the man eventually gave up, drove the victim back to Athens, and released her several hours after he took her from the bar.

The victim immediately reported the rape to the Athens-Clarke County Police Department and was examined at a local hospital. The medical examination showed tears and inflammation in the victim's vaginal area along with scratching and bruising consistent with a recent sexual assault. The victim gave police a description of the man, including the fact that he wore glasses, generally described the car he was driving, and gave a detailed description of the trailer where she

was raped. Based on the description of the rapist, the police devised a lineup of photographs of six men generally matching the description, all wearing glasses, and showed the lineup to the victim a few days after the rape. The victim immediately picked the photograph of Jennings in the lineup as the man who raped her. The victim also testified at trial and identified Jennings in the courtroom as the man who raped her.

Based on the lineup identification, police served an arrest warrant for Jennings at his residence in adjacent Jackson County. Although Jennings was home, he hid from the uniformed officers inside the residence until a locksmith unlocked the door and officers entered the residence, found Jennings, and arrested him. The evidence showed that Jennings lived in a trailer that matched the victim's detailed description of the trailer where she was raped, and that he drove a car that matched the victim's general description of the car in which she was taken to and from the trailer. As similar transaction evidence, the State introduced testimony from another rape victim, who identified Jennings as the man who raped her under similar circumstances four years earlier. Jennings did not testify, and the defense presented no evidence.

Based on the identification testimony of the victim, who spent several hours with Jennings and had ample opportunity to see and remember him and his trailer, the State presented convincing evidence that Jennings was guilty of the charged rape. The evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that Jennings was guilty as charged. OCGA § 16-6-1; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Jennings claims the police used impermissibly suggestive procedures in the photographic lineup presented to the victim a few days after the rape. Jennings points out that he was the only man in the lineup wearing necklaces, and after the victim viewed the lineup and picked his photograph as that of the rapist, she told police that she remembered the rapist wore necklaces. Accordingly, Jennings contends the trial court violated his due process rights when it denied his motion to exclude evidence that the victim picked his photograph from the lineup and to exclude the victim's in-court identification.

The six photographs in the lineup showed men with features similar to those described by the victim to police. Consistent with the victim's statement to police that the rapist wore glasses, all six men in the lineup wore glasses. Jennings, however, was the only man in the lineup who was wearing necklaces. The victim testified at the motion hearing that, when police showed her the six photographs in the lineup, she immediately identified the photograph of Jennings as the man who raped her. She testified that she picked Jennings from the lineup because she recognized his face, not because he wore

necklaces. In a statement the victim gave to police after she viewed the lineup and identified Jennings's photograph, the victim told police that she remembered the rapist wore necklaces.

A defendant has a due process right to exclude identification testimony if it resulted from a pre-trial identification procedure that was "so impermissibly suggestive" that, under the totality of the circumstances, the suggestiveness gave rise to "a very substantial likelihood of irreparable misidentification." (Citation and punctuation omitted.) *Payne v. State*, 233 Ga. 294, 299 (210 SE2d 775) (1974); *Miller v. State*, 270 Ga. 741, 743 (512 SE2d 272) (1999). An identification procedure is impermissibly suggestive if it leads the witness to "an all but inevitable identification" of the defendant as the perpetrator, or is the equivalent of the police telling the witness, "This is our suspect." (Citations and punctuation omitted.) Id. Because it is the likelihood of misidentification that violates the defendant's due process rights, an identification derived from an impermissibly suggestive procedure need not be excluded if the totality of the circumstances shows that the identification was reliable. *Neil v. Biggers*, 409 U. S. 188, 198-199 (93 SC 375, 34 LE2d 401) (1972); *Payne*, 233 Ga. at 299-300.

We need not determine if the photographic lineup procedure used was impermissibly suggestive because, even if we assume it was, we find under the totality of the circumstances that the victim's testimony that she identified Jennings's photograph as that of the rapist was reliable. Despite being intoxicated when she left the bar, the victim had ample opportunity to see Jennings over a period of several hours at the time of the rape; she provided police with a good description of Jennings and specific details about Jennings's trailer, and she immediately identified Jennings as the rapist when she saw him in the photographic lineup a few days after she was raped. *McCoy v. State*, 190 Ga. App. 258, 260-261 (378 SE2d 888) (1989). Accordingly, the trial court did not err by denying Jennings's motion to exclude the victim's testimony as to the pre-trial identification. Because the pre-trial identification was reliable, there was no basis for contending that the victim's in-court identification of Jennings should have been excluded because it was tainted. *Payne*, 233 Ga. at 300-301. Moreover, the victim's positive in-court identification was properly admitted because the totality of the circumstances shows that it was based on the victim's opportunity to observe Jennings over a period of hours at the time of the rape and was independent of the pre-trial identification. *Selbo v. State*, 186 Ga. App. 779, 780-781 (368 SE2d 548) (1988).

3. Jennings claims the trial court erred by admitting similar transaction evidence identifying him as the man who raped another victim four years earlier.

To obtain admission of evidence of the prior rape as a similar transaction, the State was required to show (1) that the evidence was admitted for a proper purpose; (2) that there was sufficient evidence Jennings committed the prior rape; and (3) that there was a similarity between the prior rape and the charged rape so that proof of the former tended to prove the latter. *Williams v. State*, 261 Ga. 640, 642 (409 SE2d 649) (1991). The State was required to satisfy these three requirements by a preponderance of the evidence. *Freeman v. State*, 268 Ga. 185, 187-189 (486 SE2d 348) (1997); *Murray v. State*, 269 Ga. 871, 873-874 (505 SE2d 746) (1998). The trial court's finding that the State's evidence met the standard of proof necessary for the admission of similar transaction evidence will not be disturbed on appeal unless clearly erroneous. *McKee v. State*, 277 Ga. 577, 578 (591 SE2d 814) (2004).

To the extent Jennings claims the State failed to produce evidence that the prior rape was admitted for a proper purpose or that it was similar enough to the charged rape, these claims were waived because there is nothing in the record showing that Jennings raised them in the trial court. *Jones v. State*, 272 Ga. 884, 887 (536 SE2d 511) (2000); *Kincer v. State*, 208 Ga. App. 360, 361 (430 SE2d 597) (1993). At the hearing held pursuant to *Williams*, supra, immediately prior to admission of the similar transaction evidence, the only issues preserved in the record were that Jennings claimed the State failed to produce sufficient evidence that he was the man who committed the prior rape, and that the prior victim's identification of him as the rapist was unreliable because it was obtained by impermissibly suggestive identification procedures.

At the hearing, the State produced the following testimony from the prior victim. After she became intoxicated at an Athens bar, a man took the prior victim in a car from the bar to a location outside of Athens, raped her, and then brought her back to Athens and released her. She was with the man for about five to six hours from the time she was taken until she was released, during which she was able to observe the man's features and face. She immediately reported the rape to the Athens-Clarke County Police Department and gave a general description of the rapist. The evidence showed that the prior victim's general description of the rapist matched the present victim's general description of the rapist, including the fact that, in both cases, the rapist wore glasses. A day or two after the prior rape, as the victim was looking through books of police mug shots, a police officer approached the victim with a single photograph of Jennings in hand, showed her the photograph, and asked, "Is this him?" When she saw the photograph, the prior victim became faint, began to cry, and immediately recognized the photograph as that of the rapist and responded, "100 percent, that is him." She subsequently picked

Jennings's photograph out of a lineup of six photographs shown to her by police. The prior victim also identified Jennings at the hearing as the man who raped her four years earlier. Based on the evidence produced at the hearing, the trial court denied Jennings's motion to suppress the prior victim's identification testimony, and ruled that the prior victim's identification of Jennings as the rapist was reliable and admissible. The trial court also held that the State produced evidence sufficient to satisfy the requirements of *Williams*, supra, for admission of the prior rape as similar transaction evidence.

We find no error in the trial court's admission of the prior victim's testimony identifying Jennings as the man who raped her. Although showing the prior victim a single photograph of Jennings while asking "Is this him?" was improper and suggestive, this type of one-on-one photo showup did not require suppression of the victim's subsequent identification of Jennings as the rapist if evidence showed that the subsequent identification was reliable under the totality of the circumstances. *Lindsey v. State*, 182 Ga. App. 10, 13-14 (354 SE2d 650) (1987); *Neil*, 409 U. S. at 198-199; *Payne*, 233 Ga. at 299-300. In this case, the totality of the circumstances showed that the prior victim's identification of Jennings was reliable. The prior victim had ample opportunity to see Jennings over a period of five to six hours in close proximity at the time of the prior rape, the victim gave an accurate general description of Jennings to police prior to any iden-tification, and she positively identified him without hesitation in the photographic lineup shortly after the rape. Accordingly, the trial court did not err by refusing to exclude the prior victim's testimony that she identified Jennings as the rapist in the photographic lineup shortly after the rape, or by refusing to exclude the prior victim's in-court identification of Jennings as the rapist on the basis that it was tainted. *Payne*, 233 Ga. at 300-301. Moreover, the prior victim's detailed testimony describing how Jennings sexually assaulted her over a period of several hours provided an ample independent basis for her in-court identification. *Fletcher v. State*, 277 Ga. 795, 797 (596 SE2d 132) (2004).

Finally, contrary to Jennings's claim, the State produced suffi-cient evidence showing that he committed the prior rape before admission of this evidence as a similar transaction. *Williams*, 261 Ga. at 642. The testimony of the prior victim that Jennings was the man who raped her was sufficient to show by a preponderance of the evidence that the State satisfied this requirement. *Turner v. State*, 268 Ga. 213, 217 (486 SE2d 839) (1997); *Gardner v. State*, 273 Ga. 809, 810-811 (546 SE2d 490) (2001). Jennings failed to show any clear error in the admission of the similar transaction evidence.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED JANUARY 9, 2006.

*Free & Free, Paula O. Free,* for appellant.
*Timothy G. Madison, District Attorney, Robin R. Riggs, Assistant District Attorney,* for appellee.