A11A1621. WRIGHT v. THE STATE.
(723 SE2d 737)

BARNES, Presiding Judge.

Following his convictions for aggravated assault with intent to rape, attempted rape, false imprisonment, simple battery, and simple assault, Cameron W. Wright filed a motion for new trial, which the trial court denied after a hearing. He appeals from that order, contending that the evidence was insufficient to support the aggravated assault and attempted rape convictions, and that the trial court erred in admitting evidence of a similar transaction because the State failed to prove similarity between the similar transaction and the current offense. Upon our review, and finding the evidence sufficient and the similar transaction admissible, we affirm.

"On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to support the verdict, and [Wright] no longer enjoys a presumption of innocence[.]" (Citations,

---

punctuation and footnotes omitted.) *Jackson v. State*, 252 Ga. App. 268 (1) (555 SE2d 908) (2001). So viewed, the evidence shows that on October 12, 2008, the victim was walking in her neighborhood at approximately 8:00 a.m. The victim testified that she usually walks the same mile-long route around her subdivision twice a week. As she approached the entrance to her subdivision, she suspected that a man, later identified as Wright, was following her. The victim was nervous so she called her father on her cell phone and advised him that she thought she was being followed. She stopped walking and turned toward Wright and asked him if he was following her. Wright appeared startled and said no. The victim picked up her pace but stayed on her cell phone with her father as she continued walking toward her home. Wright suddenly started running toward the victim, lunged at her and pushed her down. Wright then grabbed the victim's foot and dragged her toward a nearby vacant lot at the top of an embankment. As the victim struggled, her right shoe came off and she briefly escaped Wright's grasp. When she attempted to run, Wright once again knocked the victim to the ground, and as he dragged her by her left ankle, her remaining shoe came off. At this point, Wright grabbed the victim by both ankles and continued to pull her toward the vacant lot. The victim testified that as he pulled her, her sweat pants came down, but she held on to them as she continued to struggle and "look[ed] around . . . to find anything [she could] to knock the hell out of him because he [was] violating [her]." Wright, apparently tiring of the struggle, suddenly dropped the victim's ankles, looked around and ran off. The victim later identified Wright from a photographic lineup, and an analysis of blood on her sweatshirt confirmed Wright as her attacker.

1. We first address Wright's contention that the evidence was insufficient to support his convictions for aggravated assault[1] and attempted rape.[2] Specifically, Wright argues that because there was no evidence of his intent to rape the victim, as the State could not show that he took substantial steps to fulfill the requisite elements of rape. We disagree.

"A person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." OCGA § 16-4-1. Here, the evidence shows that Wright knocked the victim down and attempted to pull her into an isolated vacant lot and

---

[1] Wright was accused of "an assault upon the person of [the victim] with the intent to rape by pushing the victim to the ground, grabbing her, and attempting to drag the victim into a wooded area."

[2] Per the indictment, the substantial step toward the commission of the attempted rape was that he "grab[bed] and dragged [the victim] toward a secluded area."

continued to do so despite the victim's struggles and attempted escape. Further, the victim was not carrying a purse, and any contention that the motive was robbery is belied by the fact that Wright did not attempt to take the victim's cell phone or keys even though he could have easily taken both. Whether Wright intended to rape the victim was a matter for the jury to determine. *Butler v. State*, 194 Ga. App. 895, 897 (2) (392 SE2d 324) (1990).

Although Wright maintains that there is no evidence that he touched the victim in a sexual manner,

> [i]t is not necessary for the state to show that [Wright] expressed an intent to rape in so many words, or declared a purpose to carry the intent into effect, for the jury to arrive at the conclusion he so intended. The intention may be gathered from the circumstances of the case as proved.

(Citation and punctuation omitted.) *Butler*, 194 Ga. App. at 897 (2).

Here, under the circumstances, the jury was authorized to conclude that Wright's actions, although circumstantial insofar as intent is concerned, provided sufficient evidence to establish that he attempted to rape the victim. See *Butler*, 194 Ga. App. at 897 (2); *Helton v. State*, 166 Ga. App. 662, 663 (1) (305 SE2d 592) (1983). "It is not necessary for circumstantial evidence to exclude every conceivable hypothesis of a defendant's innocence in order to authorize a conviction; only reasonable hypotheses must be excluded," and whether a hypothesis is reasonable is for the jury to conclude. (Punctuation and footnotes omitted.) *De'Mon v. State*, 262 Ga. App. 10, 12 (1) (584 SE2d 639) (2003).

Thus, the evidence was sufficient for a rational trier of fact to find Wright guilty beyond a reasonable doubt of the crimes charged. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Wright also contends that the trial court erred in allowing the State to introduce similar transaction evidence of a prior offense involving a nine-year-old victim that occurred when Wright was fourteen. Wright asserts that the State failed to prove similarity between the prior offense and the current case.

> In crimes involving sexual offenses, evidence of similar previous transactions is admissible to show the lustful disposition of the defendant and to corroborate the victim's testimony. There need only be evidence that the defendant was the perpetrator of both crimes and sufficient similarity or connection between the independent crime and the offense[ ] charged.

(Citations and punctuation omitted.) *Condra v. State*, 238 Ga. App. 174, 175 (2) (518 SE2d 186) (1999). This rule is most liberally extended in cases involving sexual offenses because "[s]uch evidence tends to establish that a defendant has such bent of mind as to initiate or continue a sexual encounter without a person's consent." *Payne v. State*, 285 Ga. 137, 138 (674 SE2d 298) (2009). It is well established that "[t]he decision of a trial court to admit evidence of similar transactions will be upheld unless clearly erroneous." Id.

> In reviewing whether there were sufficient similarities to create a connection between the previous crime and the instant crimes such that the former tends to prove the latter, we focus on the similarities rather than the dissimilarities. Similar transactions need not be identical to the offense being tried but must show sufficient similarity or connection between the independent incidents and the offense at issue.

(Citations, punctuation and footnotes omitted.) *Susan v. State*, 254 Ga. App. 276, 282 (4) (562 SE2d 233) (2002).

Here, the State presented evidence that on October 2, 2002, when Wright was fourteen, he tricked the nine-year-old victim into following him into the woods, and threw her to the ground, ripped off her pants and underwear, and attempted to place his penis into her vagina. The victim kicked Wright in the groin and escaped. Wright's admission of guilt for the designated offenses of aggravated child molestation and aggravated assault and the juvenile court's order of delinquency were admitted at trial.

Although Wright contends that the transactions were dissimilar because of the victims' ages and lack of sexual contact with the present victim,

> [t]o hold that these cases are too dissimilar to constitute similar transaction evidence based solely on the difference in the victims' ages would ignore our precedent. No Georgia case holds that the difference in age of the victims is alone determinative of similarity. Our precedent consistently holds that it is the totality of the similar facts surrounding the crimes which are properly considered in a similar transaction analysis.

(Citations omitted.) *Payne v. State*, 285 Ga. at 139; see *Kingsley v. State*, 268 Ga. App. 729, 730 (1) (603 SE2d 78) (2004) (when sufficient similarities exist between crimes, a mere difference in age of the victims will not render the prior transaction inadmissible).

Moreover, "a transaction does not have to mirror every detail in order to authorize its admission." (Citation and punctuation omitted.) *Daniels v. State*, 281 Ga. 226, 228 (1) (637 SE2d 403) (2006).

Here, Wright approached both victims when they were walking alone, isolated or attempted to isolate them in a deserted area, and attacked them. The fact that the present victim was successful in thwarting Wright before he could sexually assault her does not negate the similarity of the crimes. See *Smith v. State*, 206 Ga. App. 557, 558 (1) (426 SE2d 23) (1992) (prior transaction evidence found sufficiently similar despite difference in victims' ages and despite fact that prior transaction did not involve similar sexual act).

Based on the similarities, we cannot say that the trial court's decision to admit this evidence was clearly erroneous.

*Judgment affirmed. Adams and Blackwell, JJ., concur.*

DECIDED FEBRUARY 27, 2012.

*Charles M. Evans*, for appellant.

*Tracy Graham-Lawson, District Attorney, Michael D. Thurston, Assistant District Attorney*, for appellee.