**FOURTH DIVISION**
**DOYLE, P. J.,**
**MCFADDEN and BOGGS, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**May 7, 2013**

# In the Court of Appeals of Georgia

A13A0195. DEAN v. THE STATE.

BOGGS, Judge.

Anthony Scott Dean appeals from his conviction for two counts of child molestation. He contends that the trial court erred by allowing the introduction of similar transaction evidence and by denying his request to impeach the victim with a specific prior bad act. For the reasons explained below, we affirm.

1. Dean contends that the trial court erred by admitting evidence of similar transactions. Under *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991), the State must show that (1) it "seeks to introduce evidence of the independent offense or act, not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility"; (2) "there is sufficient evidence to establish that the accused

committed the independent offense or act"; and (3) "there is a sufficient connection or similarity between the independent offense or act and the crime charged so that proof of the former tends to prove the latter." (Citation, punctuation and footnotes omitted.) Id. at 642 (2) (b). "When considering the admissibility of similar transaction evidence, the proper focus is on the similarities, not the differences, between the separate crime and the crime in question." (Citations, punctuation and footnote omitted.) *Ware v. State*, 297 Ga. App. 400, 402 (2) (677 SE2d 423) (2009). And

> [w]hen reviewing the trial court's factual findings regarding whether the [S]tate satisfied the three-prong test mandated by *Williams*, we apply the "clearly erroneous" standard. The decision to admit similar transaction evidence which satisfies the three-prong test is within the trial court's discretion and will not be disturbed absent an abuse of that discretion.

(Citations and punctuation omitted.) *Reed v. State*, 291 Ga. 10, 14 (3) (727 SE2d 112) (2012).

In this case, the record shows that the victim and her four siblings were adopted from Guatemala by Dean and his wife when the victim was 13 years old. The victim testified that when she was fifteen years old, Dean came into her room one night when she and her younger sisters were sleeping, laid down beside her, and touched her between her legs and on her genitalia. According to the victim, this only happened

2

one time. On another occasion, Dean came into the bathroom adjacent to the victim's closet wearing nothing but a towel. The victim was in her closet and could see Dean's penis because the towel was open, and he told her that he wanted to have sex with her.

Over Dean's objection, the State presented evidence of similar transactions involving the victim's older sister. A woman who attended church with the Deans testified that she was fluent in Spanish and spent time with the victim and her sisters after their adoption. She testified that in a visit with the girls at her home, the victim's older sister told her that Dean was touching her inappropriately during the night. The victim testified that Dean treated her older sister "[l]ike she was his girlfriend or his wife." She saw Dean kiss her sister on the mouth like a wife would kiss a husband, not as a father would kiss his daughter. The victim's younger sister testified that the victim's older sister would sometimes sleep with her in her bed instead of her own room. She saw Dean come into the room late at night after everyone else was asleep and get into the bed beside her older sister and kiss her on the mouth like a husband kisses a wife.

The older sister testified and denied any inappropriate conduct by Dean. She claimed that she told a sheriff in a telephone call that Dean "tried" to have sex with

her only because she was tired of receiving repeated phone calls from authorities and wanted to be left alone. Dean also denied all allegations of molestation against him.

Over Dean's objection, the State presented evidence of similar transactions involving 12-year-old twins that occurred in June of 1984 when Dean was 14 years old. During an overnight birthday party at their home, one of the twins awoke late at night to find her hands behind her back and Dean manipulating her hands to massage his genitals. When she confronted Dean, he snapped his underpants back up and told her he must have fallen off the couch in his sleep. The other twin sister testified that she awoke the same night to find Dean beside her with his hands on her breasts. He took her hand and rubbed it around on his penis until she felt a liquid land on her. The sisters denied consenting to Dean's conduct that evening. The twins' brother later told their father what Dean had done, and their father had a discussion with Dean's parents. The State presented no documentary evidence of Dean's conduct that evening.

(a) Dean claims that the trial court erred by allowing evidence of the similar transaction involving the victim's older sister. He asserts that it should not have been admitted because the State presented insufficient evidence that he committed the

alleged acts because both he and the older sister denied the alleged conduct at trial. We find no merit in this assertion.

"Absolute proof is not required that a defendant committed the offense in a similar transaction." (Citations and punctuation omitted.) *Gunter v. State*, 215 Ga. App. 517, 518 (1) (451 SE2d 108) (1994). Instead, the State is required to prove that Dean committed the prior act by a preponderance of the evidence. *Freeman v. State*, 268 Ga. 185, 187-188 (4) (486 SE2d 348) (1997); *Jennings v. State*, 277 Ga. App. 159, 162 (3) (626 SE2d 155) (2006). A conviction for the prior act is not required, and it may be proven by circumstantial evidence. *Lloyd v. State*, 259 Ga. App. 636, 640 n. 12 (2) (577 SE2d 854) (2003) (conviction not required); *Druitt v. State*, 225 Ga. App. 150, 151 (1) (2) (483 SE2d 117) (1997) (circumstantial evidence will suffice). In this case, the State met its burden by presenting two witnesses who testified that they saw Dean commit similar acts with the victim's oldest sister.

(b) Dean contends that the trial court erred by admitting evidence of his conduct with the twins in 1984 because it was too remote in time and took place when he was a minor only two years older than the twins. Dean correctly asserts that when a similar transaction is remote in time,

5

additional considerations are required. As a general rule, the lapse of time generally goes to the weight and credibility of the evidence, not to its admissibility. Nonetheless, where similar transactions are particularly remote because they were committed decades in the past, the passage of time is one of the more important factors to weigh in considering the admissibility of the evidence in question, although it is not wholly determinative. This factor takes on heightened significance when the similar transaction evidence is comprised of alleged acts for which there is no prior record of their occurrence. Although a similar transaction may have been committed many years in the past, any prejudice from its age may nonetheless be outweighed by its probative value, depending on the particular facts of each case and the purpose for which the similar transaction is being offered.

(Citations and punctuation omitted.) *Pareja v. State*, 286 Ga. 117, 119-120 (686 SE2d 232) (2009). Additionally, "[a] defendant's youth at the time of the similar transaction should be considered when deciding if the testimony should be admitted to show lustful disposition and inclination, i.e., bent of mind." (Citation and punctuation omitted.) *Maynard v. State*, 282 Ga. App. 598, 604 (3) (639 SE2d 389) (2006). But "[t]his rule is most liberally extended in cases involving sexual offenses because such evidence tends to establish that a defendant has such bent of mind as to initiate or continue a sexual encounter without a person's consent." (Citations and punctuation omitted.) *Pareja*, supra, 286 Ga. at 121. And "[a]s a general rule, the sexual

6

molestation of young children or teenagers, regardless of the type of act, is sufficiently similar to be admissible as similar transaction evidence." (Citations, punctuation and footnote omitted.) *Jackson v. State*, 309 Ga. App. 450, 451 (1) (710 SE2d 649) (2011).

Based upon all of these guiding principles, we conclude that the trial court did not err by admitting evidence of Dean's similar conduct in sexually abusing minors in the middle of the night while the household was asleep. See *Pareja*, supra, 286 Ga. at 121 (allegation of child molestation 26 years in past admissible); *Pendley v. State*, 308 Ga. App. 821, 824 (2) (709 SE2d 18) (2011) (similar act of child molestation 30 years in past admissible). Compare *Tyson v. State*, 232 Ga. App. 732, 732-733 (1) (503 SE2d 640) (1998) (similar acts that were between 27 and 40 years before offenses at issue held inadmissible). Although there was no prior record of the events, the testimony of each twin corroborated that of the other. And while Dean was fourteen years old at the time, he would have been old enough to be held criminally responsible for his conduct in this State. See OCGA § 16-3-1 (age 13); *Ledford v. State*, 313 Ga. App. 389, 394-395 (721 SE2d 585) (2011) (Judge Adams' dissent observed that "it may be presumed that a child 13 years or older is accountable for his actions" in a case in which the majority concluded that similar transaction committed

7

when defendant was 11 years old could be admitted); *Wright v. State*, 314 Ga. App. 353, 355-356 (2) (723 SE2d 737) (2012) (prior sexual offense committed by defendant when he was 14 years old held admissible). Compare *Maynard*, supra, 282 Ga. App. at 602 (3) (sexual misconduct committed by defendant 20 years earlier at age 12 held inadmissible).

2. Dean contends that the trial court erred by ruling he could not impeach the victim with evidence that she had previously made a false accusation of murder against her biological father. The alleged prior false allegation was made by the victim when she was eight years old and living in Guatemala. The only evidence offered by Dean to prove that the allegation was made and that it was false was through the testimony of the victim's older sister, who was nine or ten years old at the time of the victim's alleged false allegation. The trial court excluded the evidence based upon its conclusion that it was a specific bad act that was not relevant to the charges against Dean.

"[A] victim's character is rarely relevant for any purpose in a criminal trial." (Citations omitted.) *Allen v. State*, 275 Ga. 64, 68 (3) (561 SE2d 397) (2002). Generally, a victim may not be impeached with instances of specific misconduct or prior bad acts. Id. See also *Wise v. State*, Ga. App. (3) (Case No. A12A2509, decided

March 28, 2013). Instead, under the law in effect at the time this case was tried,[1] a victim could generally be impeached "by disproving the facts testified to by him," former OCGA § 24-9-82, "by contradictory statements previously made by him as to matters relevant to his testimony and to the case," former OCGA § 24-9-83, "by offering evidence of the witness's bad character in the form of reputation," former OCGA § 24-9-84, and by certain prior criminal convictions, former OCGA § 24-9-84.1.[2]

One exception to the general rule against impeachment with instances of specific misconduct or prior bad acts is that a victim's prior false allegation of sexual misconduct is admissible in a sex offense case. See *Smith v. State*, 259 Ga. 135, 137 (1) (377 SE2d 158) (1989). The Supreme Court noted in *Smith*, that "the evidentiary rule preventing evidence of specific acts of untruthfulness must yield to the defendant's right of confrontation and right to present a full defense" in sex offense cases in which the victim has made prior false allegations of sexual misconduct. Id.

---

[1] Because this case was tried in 2011, we are *not* analyzing the trial court's evidentiary ruling under Georgia's new Evidence Code, effective January 1, 2013. See *Slaughter v. State*, 292 Ga. 573 n. 3 (2) ( SE2d ) (2013).

[2] Specific prior acts of violence by a victim may also be admissible in cases in which the defendant claims justification. See *State v. Hodges*, 291 Ga. 413, 415 (728 SE2d 582) (2012).

This limited exception, however, applies only to previous false allegations of *sexual misconduct*, not false allegations generally. Id. Cf. *Allen*, supra, 275 Ga. at 68 (3) (affirming trial court's prohibition of cross-examination into witness's false report of kidnapping in felony murder case). Because the purported false allegation in this case does not fall within the scope of this exception, we affirm the trial court's decision to exclude it.

*Judgment affirmed. Doyle, P. J. and McFadden, J., concur.*