# Court of Appeals
# of the State of Georgia

ATLANTA, December 30, 2024

*The Court of Appeals hereby passes the following order:*

**A25D0163. CAMERON WRIGHT v. THE STATE.**

In 2010, a jury convicted Cameron Wright of aggravated assault and other offenses. This Court affirmed Wright's conviction and sentence on direct appeal. See *Wright v. State*, 314 Ga. App. 353 (723 SE2d 737) (2012). In 2023, Wright filed a pro se extraordinary motion for new trial, which was denied on January 12, 2024. On November 4, 2024, Wright filed an application for interlocutory review with the Supreme Court to challenge the order and allege that his appellate rights have been frustrated by the trial court's failure to send him a copy of the final order. Finding no basis for exercising its jurisdiction, the Supreme Court transferred the application to this Court. See Case No. S25I0340 (November 13, 2024). We lack jurisdiction.

While Wright titled his application as an "interlocutory appeal," he appears to challenge the trial court's order denying his extraordinary motion for new trial. Appeals from the denial of an extraordinary new trial must be brought by application for discretionary review. See OCGA § 5-6-35 (a) (7). Accordingly, we will construe Wright's filing as an application for discretionary appeal, in which no certificate of immediate review is required, rather than an application for interlocutory appeal, in which a proper certificate of immediate review is necessary.[1] Compare OCGA §

---

[1] It does not appear that Wright obtained a certificate for review before filing his application. His failure to do so deprives this Court of jurisdiction to consider his application as one for interlocutory appeal. See OCGA § 5-6-34 (b); *Bailey v. Bailey*, 266 Ga. 832, 832-833 (471 SE2d 213) (1996).

5-6-34 (b), with OCGA § 5-6-35 (b); see *Riley v. Ga. Dept. of Revenue*, 295 Ga. App. 656, 657 (673 SE2d 49) (2009) ("The legislature has instructed that the Appellate Practice Act shall be liberally construed so as to bring about a decision on the merits of every case appealed and to avoid dismissal of any case.").

To be timely, however, an application for discretionary appeal must be filed within 30 days of the entry of the order or judgment to be appealed. See OCGA § 5-6-35 (d). "The requirements of OCGA § 5-6-35 are jurisdictional and this [C]ourt cannot accept an appeal not made in compliance therewith." *Boyle v. State*, 190 Ga. App. 734, 734 (380 SE2d 57) (1989). The instant application was filed 297 days after the entry of the order Wright seeks to appeal and is untimely. See *Crosson v. Conway*, 291 Ga. 220, 220 (1) (728 SE2d 617) (2012). Accordingly, Wright's untimely application is hereby DISMISSED.

If, as Wright appears to suggest in his application, his right to timely seek appellate review was frustrated due to a superior court error, his remedy is to petition the superior court to vacate and re-enter the order at issue in the manner described in *Cambron v. Canal Ins. Co.*, 246 Ga. 147, 148-149 (1) (269 SE2d 426) (1980), disapproved in part by *Wright v. Young*, 297 Ga. 683, 684, n. 3 (777 SE2d 475) (2015).



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,*  12/30/2024

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*